CRAIG CARPENITO
United States Attorney
By: Kathleen Robeson
Special Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2831
Fax: 973.297.2042
kathleen.robeson2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. |
| Plaintiff | : | Civil Action No. |
| v. | : | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |
| ONE HUNDRED FIFTY GRAMS OF BELUGA STURGEON (*HUSO HUSO*) CAVIAR, | : | |
| | : | |
| Defendant *in rem*. | : | |

Plaintiff, the United States of America (the "Government"), by its attorney Craig Carpenito, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

## I.    NATURE OF THE ACTION

1.    This action is brought by the United States of America seeking forfeiture of 150 grams of beluga sturgeon (*Huso huso*) caviar (hereinafter, the "Defendant in rem").

2.    On or about January 21, 2018, Afgah Salimian ("Salimian"), a passenger arriving at Newark Liberty International Airport, attempted to import the Defendant in rem into the United States from the Islamic Republic of Iran

("Iran").  U.S. Customs and Border Protection Agriculture Specialists detained the Defendant in rem, which was then seized by an Inspector from the U.S. Fish and Wildlife Service ("FWS").

3.    The Defendant in rem is wildlife subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4) because Salimian failed to obtain the proper threatened species permit for the Defendant in rem, which is a threatened species, in violation of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538(a)(1)(G), and federal regulations pertaining to endangered species of wildlife, 50 C.F.R. Parts 14, 17 and 23.

4.    The Defendant in rem is further subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4) because Salimian failed to file a Wildlife Declaration for the Defendant in rem, which is a separate violation of the ESA, 16 U.S.C. § 1538(e), and federal regulations pertaining to endangered wildlife, under 50 C.F.R. § 14.61.

5.    The Defendant in rem is further subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(A) as merchandise whose importation or entry is subject to restrictions and prohibitions imposed by law relating to conservation and the merchandise is not in compliance with the applicable rule, regulation, or statute, in that the Defendant in rem was imported and attempted to import from Iran, in violation of the trade suspension that the United States placed on beluga sturgeon (*Huso huso*) caviar from Iran, pursuant to 50 C.F.R. § 17.44(y)(6), and 70 Fed. Reg. 57316.

6.     Finally, the Defendant in rem is subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(B) as merchandise whose importation or entry requires a license, permit or other authorization of an agency of the United States Government, and the Defendant in rem was not accompanied by such license, permit, or authorization, to wit, a valid CITES Export Permit, in accordance with 50 C.F.R. § 23.20(e).

## II.    JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

8.     Independently, 16 U.S.C. § 1540(c) confers jurisdiction upon the Court to adjudicate the claims of forfeiture under the ESA alleged in this Complaint.

9.     Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395, because the Defendant in rem was brought to and seized in the District of New Jersey.

10.    The Defendant in rem is currently in the custody of the United States Department of the Interior, Fish and Wildlife Service, in its Office of Law Enforcement facility in Elizabeth, New Jersey.

## III.   INTRODUCTION

11.    Sturgeons are large, bony fish that have been on the earth for millions of years.

12.     Some species of sturgeon are harvested for their roe (unfertilized eggs), which is made into caviar.

13.     The most sought after and expensive caviar is from beluga sturgeon, a gigantic fish that can live for many years.

14.     Over the past 50 years, the beluga sturgeon population has declined dramatically for various reasons, including over-exploitation for trade; limited natural production; severe habitat modification such as new dams that block migration routes; and severe habitat degradation from agricultural and industrial pollution.

15.     Female beluga sturgeon reproduce only once every four to eight years.  Fertility in adult female beluga sturgeon increases with age.

16.     Beluga sturgeon are highly vulnerable to depletion or extinction, in part because of fishery targeting the reproductive segment of the population.

## IV.   FACTUAL ALLEGATIONS

17.     On January 21, 2018, Salimian arrived at Newark Liberty International Airport Terminal B on a Lufthansa flight from Iran via Frankfurt, Germany.

18.     Upon her arrival in the United States, Salimian was required to complete U.S. Customs and Border Protection ("CBP") Form 6059B (the "Customs Declaration").

19.     Among other things, the Customs Declaration requires the traveler to state whether he or she is bringing any of the following items into the United States:

4



20.   Salimian checked the "No" box as to each category of items listed in Question 11(a)-(d) on the Customs Declaration, indicating that she did not have with her any food or animal/wildlife products.

21.   On the bottom of the Customs Declaration, the traveler is required to sign the following box:



22.   Salimian signed the box depicted in paragraph 21, declaring that her statements on the Customs Declaration were true.

23.   Travelers entering the United States at its ports of entry are subject to inspection by CBP officers for compliance with United States immigration, customs, and agricultural regulations.

24.   Salimian encountered a CBP Agriculture K-9 team in Terminal B. The K-9 handler learned that she was carrying caviar and saw the Defendant in rem.  The handler wrote "beluga caviar" on Salimian's Customs Declaration and brought Salimian to a CBP Agriculture Specialist for secondary inspection.

25.   At the secondary inspection station, CBP saw that Salimian was in possession of three (3) jars labeled "Pars Diamond Caviar BELUGA."  Each jar contained 50 grams of beluga sturgeon (*Huso huso*) caviar (the "caviar") for a

total of 150 grams.  CBP detained the Defendant in rem for further inspection by FWS.

26.    The packaging and lids of the jars of the caviar Salimian illegally imported and attempted to import were labeled as Iranian Farmed Caviar, as is shown in this photograph of the Defendant in rem:



27.    On January 23, 2018, a FWS Inspector examined the Defendant in rem and seized it pursuant to the ESA.

28.    In a letter to FWS dated March 28, 2018, Salimian stated that during the past 20 years, when traveling abroad she and her sister had always brought back caviar to the United States.

29.   On or about March 30, 2018, Salimian's daughter, Bitak Bassiri, forwarded to FWS an email that purported to be from the Export Managing Director of Pars Diamond Caviar.

30.   The forwarded email stated, in sum and substance, that the Pars Diamond Caviar company sells only farmed and processed caviar, and does not sell wild caviar.

31.   On or around April 5, 2018, Salimian filed a claim of ownership with FWS contesting the forfeiture of the Defendant in rem.

32.   At no time did Salimian obtain or file an import or export permit as required by law.

33.   At no time did Salimian obtain or file a Wildlife Declaration as required by law.

## V.   LEGAL BACKGROUND

### A.   <u>The Convention on International Trade in Endangered Species ("CITES")</u>

34.   The United States has been a party to the Convention on International Trade in Endangered Species of Wild Fauna and Flora, Mar. 3, 1973, 27 U.S.T. 1087, T.I.A.S. No. 8249 (entered into force July 1, 1975) ("CITES"), since March 3, 1973.

35.   The country of export of the Defendant in rem, Iran, has been a party to CITES since March 8, 1976.

36.   The purpose of CITES is to protect species that are, or may become, threatened with extinction by international trade.

### 1.    *CITES Permit Requirements*

37.    CITES operates by creating a system of permits to closely regulate the trade in listed species.  Each country that is a party to CITES must report all of the permits to the CITES Secretariat in Geneva, Switzerland every year for use in reviewing whether a species requires additional conservation measures.

38.    CITES requires each signatory country to prohibit shipments that violate CITES and take measures to enforce CITES.  Additionally, CITES requires each country to implement measures that penalize CITES violations, and that provide for the confiscation of specimens imported and attempted to importin violation of CITES.

39.    Signatory countries may adopt domestic laws that are stricter than what CITES requires, but must at a minimum enact laws that ensure compliance with CITES.

40.    Violations of the CITES permit regulations undermine worldwide conservation efforts as well as the treaty obligations of the United States.

41.    CITES established a system of import and export restrictions to protect certain species from overexploitation through international trade. CITES provides for different levels of trade regulation, depending on the status of the listed species and the contribution trade makes to its decline.  CITES lists the affected species on Appendices I, II, and III to the treaty, with each appendix specifying trade controls corresponding to the threat level facing the species listed therein.

42.     Appendix I includes species threatened with extinction that are or may be affected by trade.  Trade in Appendix I specimens may take place only in exceptional circumstances.  Appendix II includes species that may become threatened with extinction if trade is not regulated.  Under CITES, all specimens of Appendix II species in international trade, including parts and products, require an export permit from the country of origin or a re-export certificate from the country of re-export, in the absence of defined exception (none of which applies here).  Appendix III includes species that are listed at the various signatory parties' request, as these countries are already regulating trade in the species and need the cooperation of other countries to prevent unsustainable or illegal exploitation.

43.     The beluga sturgeon has been listed on Appendix II since 1998.[1] *See* CITES-listed species database, https:cites.org/eng/node/10288 (accessed July 5, 2018).

44.     It is unlawful to import into the United States (absent limited, defined exceptions) any wildlife or wildlife products listed on Appendix II of CITES unless a valid export permit from the country of origin or a re-export certificate from the country of re-export is obtained prior to such importation.

---

[1] All species of sturgeon *(Acipenseriformes spp.)* have been listed on Appendices to CITES, with certain species listed on Appendix I and all remaining species – including Beluga sturgeon *(Huso huso)* – listed on Appendix II since 1998 (published through 50 C.F.R. § 23.91).

2. ***Exceptions to the CITES Permit Requirements***

45.     One of the exemptions from the CITES export permit or re-export certificate requirements is commonly referred to as the CITES "personal effects exemption."

46.     CITES documents are not needed to import a legally acquired specimen of a CITES-listed species into the United States *provided that* the importation satisfies specific requirements.  For example, a traveler may only import 125 grams of beluga sturgeon (*Huso huso*) caviar for the personal effects exemption to apply.

47.     If a traveler wishes to import more than the 125-gram limit set forth in the personal effects exemption, a valid CITES document must be obtained prior to importation for the entire quantity – not only for the amount over 125 grams.

48.     If a valid CITES foreign export permit or re-export certificate is not obtained prior to importation of more than 125 grams of beluga sturgeon (*Huso huso*) caviar by a traveler the entire amount of the caviar (and not just the amount in excess of 125 grams) is subject to seizure and forfeiture.

49.     The CITES personal effects exemption does not apply when the country of export is subject to trade restriction or suspension.

**B.     <u>Endangered Species Act</u>**

50.     In the United States, CITES is enforced through the ESA, 16 U.S.C. § 1531 *et seq.,* and its accompanying regulations, 50 C.F.R. Part 23.

51.     To protect endangered and threatened species, United States laws implementing CITES are stricter than what CITES requires.

52.     The ESA defines "fish or wildlife" as "any member of the animal kingdom . . . and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof."  16 U.S.C. § 1532(8).

53.     The ESA specifically prohibits the import, export, or possession of any specimen contrary to the provisions of CITES. 16 U.S.C. § 1538(c)(1).

54.     The ESA regulations provide detailed instructions regarding U.S. CITES permit requirements.  *See* 50 C.F.R. Part 23.

### 1.     The ESA's Additional Requirements Concerning the Importation of Threatened Species

55.     In the United States, wildlife that is designated as threatened on Appendix II to CITES are subject to additional restrictions beyond those imposed by CITES.  Under the ESA, when importing a threatened species, importers must obtain and file a threatened species import permit issued by the United States management authority prior to importation.  50 C.F.R. §§ 17.31, 17.44(y).

56.     Beluga sturgeon (*Huso huso*) has been listed as a threatened species under the ESA since October 21, 2004.  50 C.F.R. § 17.11; 69 Fed. Reg. 21425 (Apr. 21, 2004).

57.     There are some exceptions to the import permit requirement for threatened species, but none of these exceptions are applicable to the factual circumstances alleged in this Complaint.[2]

### 2.     The ESA's Wildlife Declaration Requirement

58.     Under the ESA, it is unlawful to import any wildlife (including any parts or products) without filing with the FWS a completed Wildlife Declaration upon the importation of any wildlife at the place where FWS clearance is requested.

59.     The Wildlife Declaration is another requirement that is distinct from the import permit which must be obtained to import a threatened species.

60.     The required declarations allow wildlife officials to monitor the effects of the volume and type of trade in individual species of wildlife to ensure that trade is legal and not detrimental to the survival of the species,

---

[2] Under the ESA, a special rule governing beluga sturgeon was issued in March 2005.  50 C.F.R. 17.44(y); 70 Fed. Reg. 10493 (Mar. 4, 2005). The current version of the special rule 50 C.F.R. § 17.44, became effective as of November 4, 2016.  The special rule provides that in specified circumstances a threatened species import permit is not required if the importation falls within the personal effects exemption.  The special rules does not apply to Salimian because she lacked a valid CITES export permit, failed to comply with all other provisions in 50 C.F.R. Parts 13, 14 and 23, and the country of export is subject to an administrative trade suspension. 50 C.F.R. § 17.44(y)(3); 70 Fed. Reg. 57317 (Sept. 30, 2005).

The special rule also sets forth a process whereby qualified aquaculture facilities may obtain an exemption from threatened species permit requirements.  However, no facility in Iran qualifies for this exception. Only one facility, which is located in Florida, has been approved for this exemption. 82 Fed. Reg. 28875 (June 26, 2017).

and to intercept and interdict illegal importations and exportations of such wildlife.

61.    Under the ESA, trade contrary to CITES violates the ESA, and failure to file a wildlife declaration is another, independent violation of the ESA.

### 3.    The United States' Trade Suspension on Beluga Sturgeon (Huso huso) caviar from Iran

62.    The United States has imposed a trade suspension on beluga sturgeon (*Huso huso*) caviar from Caspian Sea basin countries, including Iran. The trade suspension has been in effect since September 30, 2005.

## VI.   CLAIMS FOR FORFEITURE

### A.    First Claim for Forfeiture – Endangered Species Act

63.    With respect to endangered species, the ESA makes it unlawful for any person subject to the jurisdiction of the United States to:

> (A)    import any such species into, or export any such species from the United States;
>
> (B)    take any such species within the United States or the territorial sea of the United States;
>
> (C)    take any such species upon the high seas;
>
> (D)    possess, sell, deliver, carry, transport, or ship, by any means whatsoever, any such species taken in violation of subparagraphs (B) and (C);
>
> (E)    deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, any such species;
>
> (F)     sell or offer for sale in interstate or foreign commerce any such species; or

13

> (G)    violate any regulation pertaining to such species or to any threatened species of fish or wildlife listed pursuant to section 1533 of this title and promulgated by the Secretary pursuant to authority provided by this chapter.

16 U.S.C. §§ 1538(a)(1), 1538(b) (criminal penalties for knowing violations).

64.    The ESA's forfeiture authority, embodied in Title 16, United States Code, Section 1540, provides in pertinent part that:

> All fish or wildlife or plants taken, possessed, sold, purchased, offered for sale or purchase, transported, delivered, received, carried, shipped, exported, or imported and attempted to importcontrary to the provisions of this chapter, any regulation made pursuant thereto, or any permit or certificate issued hereunder shall be subject to forfeiture to the United States.

16 U.S.C. § 1540(e)(4)(A).

65.    Beluga sturgeon (*Huso huso*) caviar is designated as a threatened species under U.S. law. *See* 50 C.F.R. §§ 17.11.

66.    The Defendant in rem is subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4) as wildlife imported and attempted to import into the United States contrary to law, in that the Defendant in rem is both a threatened species and species protected under CITES that was possessed, transported, delivered, received, shipped, or imported, in violation of the ESA, 16 U.S.C. § 1538(a)(1)(G), and federal regulations pertaining to endangered species of wildlife, 50 C.F.R. Parts 14, 17 and 23.

**B.    Second Claim for Forfeiture – Endangered Species Act**

67.    The Defendant in rem is further subject to forfeiture pursuant to 16 U.S.C. § 1540(e)(4) because Salimian failed to file a Wildlife Declaration for

14

the Defendant in rem, another independent violation of the Endangered
Species Act, 16 U.S.C. § 1538(e), and federal regulations pertaining to
endangered wildlife, 50 C.F.R. 14.61.

**C.  Third Claim for Forfeiture – Tariff Act of 1930**

68.  Title 19, United States Code, Section 1595a, a customs statute
enacted as part of the Tariff Act of 1930, authorizes the forfeiture of
"[m]erchandise which is introduced  . . . into the United States contrary to law"
if the underlying legal violation falls within one of the categories specified in
Section 1595a(c).

69.  The term "merchandise," as used in Section 1595a, "means goods,
wares, and chattels of every description, and includes merchandise the
importation of which is prohibited, and monetary instruments as defined in
section 5312 of Title 31."  19 U.S.C. § 1401(c).

70.  Title 19, United States Code, Section 1595a(c)(2)(A) subjects to
seizure and forfeiture "[m]erchandise which is introduced or attempted to be
introduced into the United States contrary to law" if "its importation or entry is
subject to any restriction or prohibition which is imposed by law relating to
health, safety, or conservation and the merchandise is not in compliance with
the applicable rule, regulation, or statute."

71.  The Defendant in rem is subject to forfeiture to the United States
pursuant to 19 U.S.C. § 1595a(c)(2)(A) as merchandise whose importation or
entry is subject to restrictions and prohibitions imposed by law relating to
conservation and the merchandise is not in compliance with the applicable rule,

15

regulation, or statute, in that the Defendant in rem was imported and attempted to import from Iran, in violation of the trade suspension that United States placed on Beluga sturgeon (*Huso huso*) caviar with Iran, pursuant to 50 C.F.R. § 17.44(y)(6), and 70 Fed. Reg. 57316.

### D.    Fourth Claim for Forfeiture – Tariff Act of 1930

72.    Title 19, United States Code, Section 1595a(c)(2)(B) subjects to seizure and forfeiture, "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law" if "its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit, or authorization."

73.    The Defendant in rem is subject to forfeiture to the United States pursuant to 19 U.S.C. § 1595a(c)(2)(B) as merchandise whose importation or entry requires a license, permit or other authorization of an agency of the United States Government and the Defendant in rem was not accompanied by such license, permit, or authorization, to wit, a valid CITES Export Permit, in accordance with 50 C.F.R. § 23.20(e).

**REQUEST FOR RELIEF**

WHEREFORE plaintiff, the United States of America requests that judgment be entered in its favor and against the Defendant in rem, and that process issue to enforce the forfeiture of the Defendant in rem, and that all persons having an interest in the Defendant in rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant in rem to the United States of America for disposition according to law, and that this Court grant the Government such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

Dated:   Newark, New Jersey
              July 5, 2018

CRAIG CARPENITO
UNITED STATES ATTORNEY


By:    *s/Kathleen Robeson*
         KATHLEEN ROBESON
         Special Assistant United States Attorney

17

VERIFICATION

STATE OF NEW JERSEY    :
                                  : ss.
COUNTY OF ESSEX         :

     I, Kathleen Bushman, hereby verify and declare under penalty of perjury

that I am a Wildlife Inspector with the United States Fish and Wildlife Service

and that I have read the foregoing Verified Complaint for Forfeiture *in rem* and

know the contents thereof, and that the matters contained in the Verified

Complaint are true to my own knowledge, except that those matters herein

stated to be alleged on information and belief and as to those matters I believe

them to be true.

     The sources of my information and the grounds of my belief include the

official files and records of the United States, information supplied to me by

other law enforcement officers, and my own investigation of this case.

     I hereby verify and declare under penalty of perjury that the foregoing is

true and correct.

                                     Kathleen Bushman
                                     Wildlife Inspector
                                     United States Fish and Wildlife Service
                                     Office of Law Enforcement

Sworn to and subscribed before me this
day ~~30th~~ 3rd of ~~June~~ July 2018, at Newark, New Jersey.

Jaclyn Wyrwas
Attorney-at-Law of the State of New Jersey

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | One Hundred Fifty (150) Grams of Beluga Sturgeon (Huso Huso) Caviar, Defendant in rem. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kathleen Robeson, Special Assistant U.S. Attorney
United States Attorney's Office, 970 Broad St., Suite 700,
Newark, New Jersey 07102    Tel.:  (973) 645-2831

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
16 U.S.C. § 1540(e)(4) and 19 U.S.C. § 1595a(c)

Brief description of cause:
In rem forfeiture of wildlife for violation of Endangered Species Act & Tariff Act of 1930 (importation contrary to law)

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
07/05/2018

SIGNATURE OF ATTORNEY OF RECORD
s/Kathleen Robeson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

2018V00633/KR/ms
CRAIG CARPENITO
United States Attorney
By: Kathleen Robeson
Special Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2831
Fax: 973.297.2042
kathleen.robeson2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. |
| Plaintiff | : | Civil Action No. |
| v. | : | WARRANT FOR ARREST *IN REM* |
| ONE HUNDRED FIFTY GRAMS OF BELUGA STURGEON (*HUSO HUSO*) CAVIAR | : : | |
| Defendant *in rem*. | : | |

TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, FISH AND WILDLIFE SERVICES, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on July 5, 2018, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely one hundred fifty grams of beluga sturgeon (*Huso Huso*) caviar, is subject to seizure and forfeiture to the United States for the reasons set forth in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be: an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____          _____
                                Clerk of the Court


                          By:  _____
                                Deputy Clerk

-2-